**UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RONI C. TRAVIS,

        Plaintiff,

v.

                                            CASE NO. 2:14-cv-10285

REDFORD UNION SCHOOLS, and
REDFORD UNION BOARD OF                 HON. MARIANNE O. BATTANI
EDUCATION,

                Defendants.

_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

       This matter is before the Court on Defendant Redford Union Board of Education's (the Board's) Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. 9.) Plaintiff's Complaint alleges age-based discrimination by Defendants in violation of the Age Discrimination in Employment Act ("ADEA") and the Elliott Larsen Civil Rights Act. (Dkt. 1.) The Board argues that a school board is not a body corporate that may be sued and thus moves the court to dismiss Plaintiff's claim. (Dkt. 9.) For the reasons that follow, the Court **GRANTS** Defendant's motion.

       Prior to 1996, Michigan's Revised School Code ("RSC") divided school districts into first, second, third, and fourth class districts. See MICH. COMP. LAWS § 380.11 (1996). In 1996, the RSC was revised to distinguish only between general powers school districts – comprised of former second, third, and fourth class districts – and first class school districts. Id. First class districts are those with enrollments of 100,000 students, while general powers districts have enrollments of less than 100,000 students. Id. at § 380.402. Redford Union School District has an enrollment of approximately

4,000 students, thereby qualifying as a general powers district.  See City-Data.com, http://www.city-data.com/school/Redford-Michigan.html.

General powers districts are governed by MICH. COMP. LAWS § 380.11a.  This section enumerates powers and authorities of the district, such as hiring and terminating employees.  The RSC also provides that "[a] general powers school *district* is a body corporate and shall be governed by a school board.  An act of a school board is not valid unless approved, at a meeting of the school board, by a majority vote of the members lawfully serving on the board."  Id. at § 380.11a(5) (emphasis added).  First class school districts, in comparison, are governed by MICH. COMP. LAWS § 380.401.  This provision explicitly states that a school district shall be under the jurisdiction of the school board and that "the first class school district *board* shall be a body corporate . . . and under that name may sue and be sued."  Id. at § 380.401 (emphasis added).  The RSC contains no similar provisions granting body corporate status to the board of a general powers district or allowing such a board to sue and be sued.

The Michigan Court of Appeals has recognized the absence of a provision granting fourth class school boards body corporate status.  See Carlson v. N. Dearborn Heights Bd. of Educ., 157 Mich. App. 653, 668 (Mich. Ct. App. 1987).  The court concluded "that a fourth-class school board, as opposed to a school district, is not a corporate body which may sue or be sued."  Id.  Plaintiff contends that this case law is no longer current, as the RSC has since been revised, and the distinctions among first, second, third, and fourth class districts have been repealed.  As Defendant argues, the theory advanced in Carlson still applies, given that the differentiation between first class districts and general powers districts remains intact.  More importantly, the RSC

2

continues to distinguish between first class districts and general powers districts regarding their status as bodies corporate.

Interestingly, while <u>Carlson</u> arguably remains good law, only one case cites to it on the present issue.  That case did not address the merits, but rather dismissed the argument on procedural grounds.  <u>See</u> <u>Alton v. Bd. of Educ. of Boyne City Pub. Sch.</u>, No. 1:96-CV-564, 1997 U.S. Dist. LEXIS 20046 at *7-8 (W.D. Mich. Nov. 25, 1997).  However, at least one case, decided by the Eastern District of Michigan, dismissed an action against Lapeer Board of Education on these very grounds.  <u>See</u> <u>McCarrick v. Lapeer Cmty. Sch.</u>, No. 12-11654, 2012 U.S. Dist. LEXIS 117907 at *2, fn. 2 (E.D. Mich. 2012).  In that case, the parties stipulated to the order, as they agreed that the RSC prohibits actions against school boards, as opposed to school districts.  <u>See</u> Stipulated Order Dismissing Def. Lapeer Cmty. Sch. Board of Educ. Without Prejudice, <u>id.</u>, No. 12-11654 (E.D. Mich. Jun 28, 2012).  In light of the foregoing case law and language of the RSC, the Court finds that a general powers school board lacks the capacity to be named as a defendant in a lawsuit.

Plaintiff is correct in stating that there are many cases in State of Michigan and Federal District courts advancing claims against boards of education in general powers districts, without such an issue being presented.  <u>See, e.g.</u>, <u>Williams v. Port Huron Area Sch. Dist. Bd. of Educ.</u>, No. 06-14556, 2010 U.S. Dist. LEXIS 69859 (E.D. Mich. July 13, 2010); <u>Lansing Sch. Educ. Ass'n, MEA/NEA v. Lansing Bd. of Educ.</u>, 282 Mich. App. 165 (Mich. 2009); <u>Omdahl v. W. Iron County Bd. of Educ.</u>, 478 Mich. 423 (Mich. 2007).  Nonetheless, these cases may not be relied upon in order to determine this matter.  As

Defendant argues, where an issue is never raised in a case, it cannot thereafter become precedent on those grounds that were never addressed.

Like questions pertaining to personal jurisdiction, those involving capacity must be identified in either a responsive pleading or motion, pursuant to FED. R. CIV. P. 9(a). Tri-Med Fin. Co. v. Nat. Century Fin. Enters., No. 98-3617, 2000 U.S. App. LEXIS 3659 at *14-15 (6th Cir. March 6, 2000) (citing Wagner Furniture Interiors, Inc. v.Kemner's Georgetown Manor, Inc., 929 F.2d 343, 345 (7th Cir. 1991)).  Failure to raise legal capacity in a responsive pleading amounts to forfeiture of that right.  Wagner, 929 F.2d at 345.  Defendants' present motion was properly brought as a preliminary motion to dismiss.  Accordingly, it may be granted on the merits as discussed above.  Such a decision would not prejudice Plaintiff's claim, as she may join the correct party under FED. R. CIV. P. 21 for misjoinder and nonjoinder of parties.

For the reasons discussed above, the Court **GRANTS** the motion to dismiss Plaintiff's claims against **DEFENDANT REDFORD UNION BOARD OF EDUCATION** only.

**IT IS HEREBY ORDERED** that Defendant Redford Union Board of Education is dismissed from the instant matter, without prejudice.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED:  June 5, 2014